### JOE ERWIN v. THE STATE.

*No. 243. Decided January 20.*

**Evidence — Impeachment of One's Own Witness.** — To entitle a party to impeach the testimony of his own witness by proving contradictory statements as to the same matter, it must appear that the fact stated by the witness was directly against or injurious to the party introducing him, and favorable to the adverse party. A simple failure to prove a given fact by one's witness will not entitle him to impeach his witness by proof of conflicting statements as to such fact. Following Bennett v. The State, 24 Texas Cr. App., 73; Thomas v. The State, 14 Texas Cr. App., 70.

APPEAL from the County Court of Fannin. Tried below before Hon. JAMES Q. CHENOWETH, County Judge.

Appellant was prosecuted by information for permitting a house owned by him to be kept as a disorderly house, and at his trial was convicted, the punishment assessed being a pecuniary fine of $200.

The facts involved in the rulings on this appeal are sufficiently stated in the opinion, and no additional statement is required.

*Agnew & Duncan*, for appellant.—The court erred in admitting the testimony of B. P. Stevens and Will Bizzell, that they had had a conversation with George Crider, in which they said Crider told them he told the defendant before defendant rented the house to the women what kind of people the women were, and not to rent to them, because Crider was a State witness, and that at the time it was claimed he had a conversation Crider said he had had nothing to do with the place for several months,

and was not the agent of defendant after turning the keys over to the defendant. Said testimony was hearsay, and not admissible against the defendant, and said Crider was a State witness, and the State could not impeach him in that manner, as it did not appear that the State was surprised at his statement, nor was it injurious to the State. Crider's statement was simply a negative answer. Code Crim. Proc., art. 755; Bennett v. The State, 24 Texas Cr. App., 73.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Conviction for knowingly permitting his house to be kept as a disorderly house.

The issue in the case was, whether appellant knew that his house was so kept. Upon the trial, the State attempted to prove by the witness Crider, that he, Crider (agent of defendant), had refused to rent the property to the women, and that he told defendant that he had refused to rent to them; that they had a bad name — turning the keys to the house over to defendant at that time; that Erwin remarked, that he "did not care a damn who rented the property, so he got his money." Crider refused to swear to these facts; whereupon he was asked if he had not told this fact to Will Bizzell. Crider denied telling Bizzell any such thing; whereupon the State proved by B. P. Stevens that Crider stated to him that he had told defendant that the women had a bad reputation; and that Erwin remarked that he "did not give a damn who rented it, so he got his money." The State proved by Bizzell that Crider told him the same thing, in substance.

If Crider informed appellant of the character of the women who were occupying his house (as renters), or the character of the house, the State had the right to prove the fact. If he did not, what he stated to others was not admissible for any purpose; was hearsay.

It may be contended that the State had the right to impeach him by such evidence. Not so. Why? Because we have simply a failure to prove a fact that is not injurious to the State within the meaning of the statute. If Crider had sworn to some fact favorable to defendant, which of course would have been injurious to the State, or to some fact which was directly or in its tendency against the State (the party introducing him), the State could impeach him by proving other statements in conflict therewith, made respecting the same matter. But if a party attempts to prove a fact by his witnesses and fails, he can not impeach by proving that his witness stated to others that he told them such fact, or had made such statement, or done such an act. Bennett v. The State, 24 Texas Cr. App., 73, and authorities there cited; Thomas v. The State, 14 Texas Cr. App., 70.

Appellant objected to the evidence; the court overruled his objection; he reserved his bill of exceptions. The objection should have been sustained.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.