## Jim Scott v. The State.

### No. 3889.    Decided November 20, 1907.

**1.—Local Option—Sale—Insufficiency of Evidence.**

Where upon trial for a violation of local option law, the State's witness swore that he bought no whisky from the defendant, and the only evidence which would indicate a sale was the subsequent borrowing by appellant from State's witness of $5; that the witness accepted invitation from appellant and went to his house, and they had a social drink together, they being old friends. Held, there was no sale.

**2.—Same—Impeachment of Own Witness—Hearsay.**

On trial for a violation of the local option law, it was error to permit State's counsel to attempt to show by his own witness that he had made different statements with reference to getting the whisky from defendant, as this was an indirect effort to supply a failure of testimony.

Appeal from the County Court of Titus.    Tried below before the Hon. Seb. F. Caldwell.

Appeal from a conviction of the violation of the local option law; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The opinion states the case.

*Rolston & Ward,* for appellant.—On question of interrogating State's witness by State's counsel: Skeen v. State, 51 Tex. Crim. Rep., 39; 18 Texas Ct. Rep., 802; 100 S. W. Rep., 770.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with violating the local option law. We are of opinion the evidence is not suf-

ficient to authorize the conviction. Appellant and the main State's witness had been friends in New Orleans and had drifted to Titus County. While in the county the State's witness met appellant as he was going to the depot. Appellant invited him to return to his house and take a drink of whisky. Ascertaining the train would be a little late, he accepted the invitation and went to appellant's house, where they had a social drink, and when the witness started to the depot appellant gave him a pint of whisky. The witness ascertained that appellant had more whisky and insisted on giving him, witness, another pint, which appellant finally did. They then went to the depot; en route appellant borrowed $5 from the witness. The State's witness swears he bought no whisky from appellant, and the only evidence that we find to indicate it may have been a sale was the subsequent borrowing of $5. It seems the witness and appellant had been friends and practically raised together in New Orleans before they moved to Titus County. As we understand the evidence this is not a sale.

There is another question in the case, which, we think, requires a reversal. After the State's witness had testified to the facts, substantially as detailed above, he was asked: "Did you not go before the county attorney on the day you got the whisky from the defendant?" He answered that he was arrested and carried to the county attorney's office that day. He was then asked if he had made a statement in the county attorney's office. This was answered in the affirmative. He was then asked if he did not deny that he got whisky from defendant except a drink or two. His answer is in the following language: "I do not have any definite recollection as to what I said about it, but I think that I told the county attorney that I did not get any whisky from the defendant. I did at that time have two pints of whisky in my pocket and the sheriff took it off of my person. I do not have any very definite recollection as to what I said for there was a considerable hubbub in the county attorney's office and I was struck on the head with a six-shooter. That is the reason I do not recollect what I said. I think that I said that I did not get any whisky from the defendant except a drink or two." Various objections were urged to this testimony. In our opinion, this character of testimony, under the peculiar facts of this case, is not admissible. The State was simply impeaching its own witness, and it was an effort to supply a failure of testimony. It could not be supplied in this manner.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.