## L. L. DOHERTY v. THE STATE.

No. 5278.   Decided February 12, 1919.

**Rape—Insufficiency of the Evidence—Impeaching Own Witness.**

Where, upon trial of rape upon a female under the age of consent, the prosecutrix was placed on the stand as a witness in behalf of the State and denied most emphatically that defendant had ever had sexual intercourse with her, it could be of no service to the State to obtain a conviction to prove a statement made by the prosecutrix to a third party that defendant had intercourse with her, by way of impeachment, and the conviction can not be sustained.

Appeal from the District Court of Shelby.   Tried below before the Hon. Daniel Walker.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary

*Sander & Sanders,* for appellant.—Upon question of impeachment and cross-examination: Brisco v. State, 196 S. W. Rep., 183; Perrett v. State, 75 Texas Crim. Rep., 94.

On question of insufficiency of the evidence: Skeen v. State, 51 Texas Crim. Rep., 39; Hill v. State, 79 id., 156.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape of his stepdaughter, a girl under fifteen years of age.

The prosecutrix was placed upon the stand as a witness in behalf of the State and denied most emphatically that appellant had ever had intercourse with her. The State undertook then to prove its case by circumstances. These are unsatisfactory, and are insufficient to form the basis of a conviction, which is practically conceded by the Assistant Attorney General. Quite a number of witnesses testified, and the case spreads out over many pages. Many things were brought into the case that seem to have no bearing upon it, and have no relation to it. By way of illustration, a witness was placed upon the stand who testified that defendant came to his store and bought a lot of goods, among others, a piece of silk and other dry goods. He testified he did not know

for whom they were bought, but the bill amounted to something over $17. What this had to do with this case is in no manner undertaken to be shown. Whether bought for the girl, or not, is not shown, nor attempted to be shown. There are quite a number of bills of exceptions, each covering many pages. Each of these practically gives the entire setting of the case so that there might be no question of the fact of the pertinency of objections to the evidence introduced. The defendant used his wife as a witness. The State took her upon cross-examination and entered a wide field. It was developed that she was carried before the grand jury; that she did not want to go before that body and testify, and carried a second time, and was asked many questions which were claimed not to be germane in any way to her examination in chief by the defendant. This phase of the testimony seems to have been gone into with a view of the impeachment of the wife. This impeachment was to get before the jury statements imputed to her to the effect that she had stated that the prosecutrix had stated that appellant had had intercourse with the prosecutrix. This is carrying the rule of cross-examination and impeachment rather beyond the limit. We think it hardly necessary to discuss this character of impeachment.

A predicate was sought to be laid to impeach prosecutrix after she denied intercourse between herself and appellant. This came up on her second examination, not when first called to the stand. When she denied the intercourse between herself and her stepfather appellant asked no question, and she was dismissed from the witness stand. Later she was called back. In this connection the testimony shows that the county attorney went to the residence of appellant where the girl and her mother were living, and after some conversation with her he obtained an affidavit from her and later had appellant arrested. The affidavit is not introduced in evidence. Whether she denied making these statements is not, as the writer understands, very definitely shown, either one way or the other, but the county attorney was permitted to testify that the girl during the conversation did state to him that appellant had had intercourse with her. Under the circumstances stated it may be very doubtful whether this impeachment should have been permitted. The State had failed to make a case, and whether this testimony be legitimate or not, it could be of no service to the State to prove a statement made by the girl by way of impeachment when she had directly sworn that no intercourse occurred. The State's whole case was made by this character of testimony in the main. There were some circumstances detailed here and there that would throw suspicion upon the relations of appellant and his stepdaughter, but where the intercourse is positively denied by the prosecutrix, and there is no evidence, except remote circumstances, that might tend to show a case of impeachment, it will not form the basis of a conviction. The jury may have believed the defendant guilty, but there must be proof of that fact. We suppose this conviction was had upon the theory that the suspicious

circumstances induced the jury to believe appellant was guilty, although the State had not proved it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*