FRANK ROSS v. THE STATE.

No. 7399.  Decided February 28, 1923. ·

**Selling Intoxicating Liquor—Change of Venue—Practice in Trial Court.**

Where, upon trial of selling intoxicating liquor, the defendant filed an application for a change of venue, in conformity with the statutes, that he could not obtain a fair and impartial trial, and the court heard no evidence thereon, and merely made an order overruling the application, same was reversible error. Following Cox v. State, 234 S. W. Rep., 72.

Appeal from the District Court of Montague. Tried below before the Honorable A. C. Pearman.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*Benson & Benson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Montague County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

In our view of the proper disposition of this case it will hardly be necessary to state the facts or any other matters than that an application for change of venue was prepared and sworn to by appellant, same being in conformity with the statute and setting forth in customary language that there existed against appellant such prejudice in Montague County as that he could not obtain a fair and impartial trial. Said motion was signed and sworn to by appellant, and was supported by the affidavits of two citizens of said county. There was no controversy of the facts filed and no issue joined by the State upon the application. As far as the bill of exceptions informs this court, no evidence was heard, but the trial court merely made an order overruling the application for change of venue. In Cox v. State, 90 Texas Crim. Rep., 106, 234 S. W. Rep., 72, occurs the following statement:

"The presentation of an application for change of venue, properly verified, makes it incumbent upon the trial judge to change the venue, unless the application is controverted in the manner prescribed by statute, or unless the controverting affidavit is waived by the accused, and evidence heard justifying the denial of the motion."

A number of authorities are cited in support of the doctrine announced.

Because of the error in the overruling of the application for change of venue, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*