Horace G. COOK, Appellant,

v.

C. V. Buster KERN, Appellee.

No. 12829.

Court of Civil Appeals of Texas.

Galveston.

March 31, 1955.

Rehearing Denied April 28, 1955.

Martin & Shown and W. E. Martin, Houston, for appellant.

Burke Holman, County Atty. of Harris County, and James R. Gough, Asst. County Atty., Houston, for appellee.

GRAVES, Justice.

Appellant, Horace G. Cook, sued appellee, C. V. Buster Kern, as sheriff of Harris County, on two orders for the payment of money, signed respectively by Herbert L. Bierman and Peter B. Vales, which orders assigned such moneys to James J. Shown and W. E. Martin, and which were by them assigned to appellant Cook.

Bierman and Vales, and Vales' wife, were arrested in Harris County by appellee sheriff on August 10, 1953, and $2,-337.57 in money was taken from them. $200 of that money was released to Mrs. Vales, $169 of it was returned to a lumber company in Houston, and $13 of it was returned to another lumber company of Houston;

leaving a balance of the original $2,337.57 in the hands of appellee, of $1,965.57.

Appellee answered by general denial, and by his plea that such money was stolen money, to which Bierman and Vales had no title, and that they could not, therefore, transfer title thereto by their assignments thereof.

No allegation was made in appellee's answer as to who was the owner of the money, nor from whom it had been allegedly stolen. There was no allegation, or proof, that anybody claimed, or owned, such money, or any part of it, other than Bierman and Vales. There were no charges pending against anybody, under which the money was held.

The trial court's judgment was that plaintiff take nothing, from which comes this appeal. It is predicated upon these two contentions:

### Point One.

"The Court erred in rendering judgment that plaintiff take nothing by his suit, because, it being shown that Bierman and Vales and Vales' wife were in possession of the money when it was taken by appellee, and, their possession being prima facie evidence of title to the property, the possessors (or their assigns) should recover against the claims of anyone, who failed to establish a better right to the property; and, no one having claimed, or established a better right, or any right whatever to said money, judgment should have been for appellant."

### Point Two.

"The Court erred in rendering judgment that plaintiff take nothing by his suit because there was neither pleading nor proof that any of the money was being held by Appellee in connection with any case pending in any Court, or for any one claiming the same, or any part thereof, in any manner, shape, form or fashion; and, absent such pleading or proof, judgment should have been for plaintiff."

It is determined that both the quoted points should be sustained.

The controlling facts recited in both of them were undisputedly established by the testimony; in other words, the appellee sheriff had arrested Bierman, Vales and Vales' wife, in Harris County and had proceeded to take from them, as an incident of his assumed authority to arrest them, $2,337.57 in money he found in their possession; he thereupon presumed to have that authority and distributed out of it certains sums that he himself deemed them entitled to, including $200 to Mrs. Vales, leaving $1,965.57. Whereupon, the appellant here sued him for its recovery.

The record fails to show that any part of the $1,965.57 of the money so retained by the sheriff had been taken from anybody, nor had any part of it been identified as money stolen from any person or source.

■ It follows from these undisputed facts that appellee exceeded any authority he possessed as sheriff to so constitute himself as a court and take money he merely found people in possession of away from them, under his own unsupported suspicion that they had stolen it. Under these authorities no such summary action was justified: 33 Tex.Jur. 942, Sec. 9, "Property"; Sloan v. Sloan, Tex.Civ.App., 32 S.W.2d 513; Randell v. Robinson, Tex. Civ.App., 172 S.W. 735; Bullard v. Oatman, Tex.Civ.App., 271 S.W. 422.

■ Neither is the appellee's contention, that Bierman and Vales showed no title to the property, correct, for the simple reason that in the circumstances otherwise obtaining, they were legally presumed to have been its owners by reason of the well settled law that that was the effect of their possession of it, as thus recited in Sec. 9, of 33 Tex.Jur., page 942: " 'Possession of personal property is prima facie evidence of title to the property, and the possessor will recover against the claims of anyone who fails to establish a better right to the property than that of the possessor.' " The other authorities cited supra are all to the same effect. Indeed, the old saying that "Possession is nine points of the law" inheres in the very definition of the word itself in all our standard dictionaries, in-

cluding the Oxford English Dictionary, and Webster's International Dictionary.

Indeed, under the Constitution of the State of Texas, art. 1, § 10, Vernon's Ann.St. and the Code of Criminal Procedure of the State of Texas, Vernon's Ann. C.C.P. art. 22, before Bierman and Vales could be deprived of their property, they were entitled to be confronted with the witnesses against them, and to be considered honest men in rightful possession of any money upon their persons until that had been done.

There was in this instance no showing that any of these primal rights had been extended to these men by the appellee sheriff, however conscientiously in the discharge of his authority the latter may have been.

Further discussion is deemed unnecessary, since these conclusions require a reversal of the trial court's judgment, and a rendition of the cause in favor of the appellant. It will be so ordered. Reversed and rendered.