C. V. BUSTER KERN v. HORACE G. COOK

No. A-5328. Decided February 22, 1956.
(287 S.W. 2d Series 174)

*Burke Holman,* County Attorney, and *James R. Gough,* Assistant County Attorney, of Harris County, Texas, for petitioner.

The Court of Civil Appeals erred in holding that the title of Bierman and Vales to the funds in controversy was assumed as a matter of law because of their bare possession of them, when they, being present at the trial, gave testimony dissapating the presumption as to the facts and circumstances of such possession, from which the trial court could reasonably have inferred that all or part of such funds had been stolen by the said Bierman and Vales. Clemons v. Lyles, 249 S.W. 2d 287, Error refused, N.R.E.; Rabe v. Jourdan, 102 S.W. 1167, Error refused; Methodist Home v. Mays, 273 S.W. 2d 444, no writ history.

*Martin* and *Shown* and *W. E. Martin,* of Houston, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The trial court error to holding that plaintiff, Cook, take nothing by his suit when it was shown that Bierman and Vales had possession of the money, which was prima facie evidence of ownership, when it was taken by the Sheriff, and they or their assigns should recover against any one who failed to establish a better title. Sloan v. Sloan, 32 S.W. 2d 513; Randall

v. Robinson, 172 S.W. 735; Bullard v. Oatman, 271 S.W. 422; 33 Texas Jur. 942, sec. 9.

In August, 1953, petitioner Kern, Sheriff of Harris County, arrested and took into custody Herbert L. Bierman and Peter B. Vales. They, together with Vales' wife and two children, had been traveling for about a month in an automobile owned by Vales. Their travels began in Chicago and terminated with their arrest in Houston on charges of thefts from two lumber companies in Houston. According to the books of his department, at the time of the arrest the sheriff or his deputies took from the person of Bierman $1,001.15; from Vales' wife $1,211.21; and from a bag and make-up kit $125.28, the total amount taken being $2,337.64. Out of that sum petitioner delivered $169.00 to a lumber company in Houston; $13.00 to another lumber company in Houston; and $200.00 to Mrs. Vales, leaving a balance of $1,955.64 in his possession. Bierman and Vales assigned that balance to their attorneys, Shown and Martin, and they in turn assigned it to respondent, Cook. By this suit respondent seeks judgment against petitioner for that amount. In a trial before the court without a jury judgment was rendered that respondent take nothing. That judgment was reversed by the Court of Civil Appeals, and judgment rendered in favor of respondent. 277 S.W. 2d 946.

Petitioner claims no interest in the money, but he seeks to uphold the judgment of the trial court denying respondent any recovery upon the ground (1st) that the money taken from the prisoners was stolen by them, or (2nd) that at least a part thereof was stolen money which the prisoners had commingled with money earned by them, and respondent was unable to identify what portion of the money was stolen money.

The Court of Civil Appeals held:

"The record fails to show that any part of the $1,965.57 of the money so retained by the sheriff had been taken from anybody, nor had any part of it been identified as money stolen from any person or source."

If that holding is supported by the record, the question of the validity of the petitioner's defenses need not be considered. We have concluded that the holding of the Court of Civil Appeals is correct, and we, therefore, do not pass upon the validity of the defenses relied upon by petitioner.

Upon the trial, respondent proved by deputy sheriffs the

arrest of Bierman and Vales and the amount of money taken by petitioner from Bierman, from Mrs. Vales, and from a make-up kit, as reflected by the books of the sheriff's department. He introduced assignments by Bierman and Vales of the amount of money in the sheriff's possession to their attorneys, Shown and Martin, as compensation for professional service, and their assignments of same to him. That evidence clearly established *prima facie* respondent's right to judgment in his favor. To defeat that right, petitioner called only two witnesses, Bierman and Vales. By those witnesses he sought to establish that all, or at least a part, of the money had been stolen by them. If he did not establish that fact by the testimony of those witnesses, he did not establish it at all.

Peitioner's first witness was Vales. In answer to questions propounded by petitioner's attorney, he testified that the money taken from his wife was a part of her savings from his wages earned in New Jersey; that she was pregnant at that time and had saved this money to pay her hospital expenses in her approaching confinement. He testified positively that the money taken from her was never commingled with any other money, and his testimony was in nowise contradicted.

Petitioner did not undertake to trace the source of the money which he or his deputies took from the make-up kit. The only evidence found in the record which seems to refer to that money was this testimony of Vales: "Yes, we had a bag with a zipper on it, and that was my wife's money."

Petitioner points out in his application for writ of error that Vales testified that "$142.00 and some odd cents" which he had in his possession was stolen money. He did so testify; but no part of that money is involved in this suit. His testimony was that that sum was taken off him personally. The books of the sheriff's department do not disclose that any money was taken from him, and the sheriff has not accounted for any. Respondent rested his case on the amount of money in the sheriff's possession as disclosed by his books, and did not sue for or put in issue any sum taken from Vales.

■ After failing wholly to prove by his witness Vales that any of the money taken from his wife was stolen money or that it had been commingled with stolen money, petitioner's attorney was permitted, over the valid objection of respondent, to undertake to impeach his testimony by cross-examining him with reference to a statement which he had theretofore made. The

witness was in no sense an adverse witness. He had no interest in the subject matter of the suit and would have had no interest in a judgment in respondent's favor. In answer to an objection by respondent that "I do not think they should be allowed to impeach their witness," the court ruled "You can impeach your own witness on anything except showing his bad character." Based upon that ruling, petitioner then questioned Vales about a statement which he made to a deputy sheriff in which he admitted that he had "pulled off * * * various jobs" in New Jersey, Virginia, Mississippi, and Louisiana, the total amount taken being approximately the amount involved in this suit. That evidence was offered only for impeachment purposes and could serve no other purpose than that of impeachment. It constituted no affirmative evidence of probative force on the issue of the source of the money in the kit or in the possession of Mrs. Vales.

Petitioner then called Bierman as a witness. His testimony on direct examination established nothing. He first testified that it was hard to give the exact amount of money he had when arrested—"probably a couple of thousand dollars." He then testified that he had about $900.00 when he left Chicago, which he had earned, and that he had $1,001.18 on his person when arrested. That is all that petitioner proved by his witness. On cross-examination by respondent, he testified that he could not say defiinitely that any of the identical money was stolen; that there was no way for him to tell. "Q. You could not say any of that $1,001.18 was stolen money?" "A. No, sir." If it could be inferred from his testimony that since he had $101.18 more money on his person when arrested than he had when he left Chicago, that same was stolen money. But, even so, the fact discloses that $182.00 of stolen money was returned to the Houston lumber companies.

If the testimony improperly admitted for impeachment purposes be considered, it fails to establish that any of the money now in the possession of the sheriff was stolen by the prisoners. The testimony regarding the matter is uncertain and confusing, and no definite conclusion could be drawn from it. Petitioner must recognize that fact, for he takes the position that his own witnesses should not be believed. We take this language from the application for writ of error:

"It is submitted from the testimony in this record there was ample reason for the court to conclude that Bierman and Vales were either lying or were incapable of separating that portion

of the money which was stolen from the portion which was rightfully acquired."

If petitioner's witnesses cannot be believed, as claimed by him, then he has no evidence whatever upon which to base his defenses. Testimony that money was not stolen, even if disbelieved, is certainly not evidence that it was stolen. Our conclusion from a consideration of the record before us is that the petitioner has wholly failed to establish that any of the money in his possession was stolen by the prisoners in New Jersey, Virginia, Mississippi, or Louisiana.

As stated above, we do not decide whether the defenses relied upon would have been available to petitioner had the evidence established that all or a part of the money was stolen by the prisoners.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 22, 1956.