**Ex parte Martha Frances MORELAND.**

**No. 40444.**

Court of Criminal Appeals of Texas.

May 24, 1967.

Tom Parker, Midland, for relator.

James A. Mashburn, Dist. Atty., Midland, for respondent.

OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding seeking discharge from confinement under an order adjudging petitioner in contempt for refusing to answer a question propounded to her as a witness before the Grand Jury. We set the case for submission on the question of whether the writ should issue, and fixed bail.

The Grand Jury was inquiring into a criminal accusation against petitioner's husband, Oliver James Moreland, who had been charged by complaint with statutory rape of his stepdaughter, the ten year old child of petitioner.

While the record reflects that petitioner filed the complaint, counsel who argued the case agree that she was not in fact the complaining witness who signed and swore to it, though she actively participated in the investigation and sought the initiation of the criminal charge against her husband.

Prior to the 1965 Code of Criminal Procedure it was provided (in Art. 714 Vernon's Ann.C.C.P.1925)

"The husband and wife may, in all criminal actions, be witnesses for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

Construing the provisions of Art. 714 and the prior statute to the same effect, this Court held that the wife of the defendant charged with an assault upon her was a competent witness and, when called by the state, could be compelled to testify. Bramlette v. State, 21 Tex.App. 611, 2 S.W. 765; Calloway v. State, 92 Tex.Cr.R. 506, 244 S.W. 549, 555; Alonzo v. State, 15 Tex.App. 378; Dumas v. State, 14 Tex.App. 464.

Art. 605 of the Vernon's Ann. Penal Code provides that in prosecutions under Chapter Three relating to wife and child desertion:

"Both husband and wife shall be competent *and compellable* witnesses to testi-

fy against each other to any relevant matter including the fact of such marriage, and the parentage of such child or children."

The statute which was adopted as a part of the 1965 Code of Criminal Procedure which we are called upon to construe is Article 38.11 which reads in part:

"The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband *may voluntarily* testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with an offense defined in Chapter Three of the Penal Code of Texas pertaining to wife or child desertion or wilful failure or refusal to support his or her minor children."

It appears that, whereas Article 605 of the Penal Code provides that the wife or husband shall be "competent *and compellable*" witnesses to testify against each other in prosecutions for offenses defined in Chapter Three of the Penal Code, the new statute (Art. 38.11 C.C.P.1965) provides that in such prosecutions the wife or husband "may *voluntarily* testify against each other."

Art. 38.11 of the 1965 Code of Criminal Procedure makes no distinction between prosecutions for wife or child desertion; assault or violence committed by one spouse against the other; assault upon a child of either under 16; and incest of a child of either. In each of such prosecutions, Art. 38.11 C.C.P. declares that the wife or husband may *voluntarily* testify against the other.

There would seem to be no doubt that the legislature had authority to change the rule relating to whether a competent witness could be compelled to testify. This was done as regards the wife or husband by the enactment of Art. 38.11 providing that in the prosecutions referred to therein they may *voluntarily* testify against each other, though in some of such prosecutions they were theretofore "compellable" as well as competent witnesses.

We are in accord with the view that the husband or wife who voluntarily testified against the other in a criminal prosecution in which he or she is a competent witness becomes a voluntary witness and may thereafter be compelled to testify as any other witness. We also agree with the trial court that this rule would apply where the wife or husband voluntarily swears to the complaint against the other.

As to criminal accusations referred to in Art. 38.11 C.C.P. the husband or wife is "a credible witness" competent to make complaint against the other, as well as to "voluntarily testify" in the case as a witness.

We cannot ascribe to the legislature the intent to permit the wife or husband to "make a statement under oath" instituting the criminal prosecution, and thereafter elect whether or not to testify when called by the state.

The petitioner not having voluntarily testified or made affidavit against her husband, the trial court erred in adjudging her in contempt for refusing to testify against him in a case involving an assault committed by him against her child under 16 years of age.

The writ is granted and petitioner is ordered released from custody under the commitment for contempt.