**Tommy WALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40473.

Court of Criminal Appeals of Texas.

June 28, 1967.

Blanchard, Clifford, Gilkerson & Smith, by George E. Gilkerson, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Rape; the punishment assessed by the jury, seven and one half (7½) years in the Texas Department of Corrections.

Appellant vigorously attacks the sufficiency of the evidence to sustain the conviction.

The record reflects that in the early morning hours of December 9, 1965, T_____ W_____, the eleven year old daughter of the appellant was the victim of an assault in the darkened bedroom of her unlocked home in the City of Shamrock.

In presenting its case in chief, the State called five witnesses. The testimony of the first two witnesses, a doctor and a laboratory technician, related to the physical examination of the prosecuting witness five or six hours after the alleged attack and the finding of male sperm in her vagina. The third State witness was the wife of the appellant who refused to testify after being compelled to take the witness stand in the presence of the jury to claim her privilege. Another witness was the County Attorney who identified a tape recording of his interview with the prosecutrix.

The alleged injured female was called as a witness for the prosecution. On voir dire examination, in the absence of the jury, as to her qualifications as a witness, T_____ W_____, prior to the Court's termination of such line of questioning, denied that

appellant committed any type of offense against her on or about the 9th day of December, A.D., 1965.

Subsequently on direct examination, she was never questioned as to whether the appellant committed the act charged. The questioning was to the accusations she had made against the appellant within five or six hours following the alleged rape.

On cross-examination, she denied knowing who had committed the sexual act with her, and specifically denied it was the appellant.

She explained her earlier accusations against her father resulted from what she considered unfair or unequal treatment by him because she was made to baby sit and do the dishes, and felt that she was treated differently because her school grades were not as good as the other children. She freely admitted these accusations against her father had been made to her mother, the doctor who had examined her, the County Attorney who tape recorded her statements, and her siblings, but stated such accusations were not true.

On re-direct examination, she reiterated her emphatic denial that she knew who had attacked her. The State, over objection, was then improperly allowed to impeach its own witness. The prosecutor elicited from her the fact that she had taken a lie detector test in the State of Arizona and had been told by the operator that she was not being truthful in denying appellant's guilt.

Upon re-calling the prosecutrix, the State again attempted to impeach her, over objection, by playing the tape recording of the details of her interview with the County Attorney shortly after the alleged attack. The record reflects that prior to the verdict such recording was played for the jury three times despite objections.

The impeachment was improper for several reasons and constituted reversible error regardless of the sufficiency of the evidence.

First, a party introducing a witness cannot attack his or her testimony unless the witness has stated facts injurious to such party. Article 38.28, Vernon's Ann. C.C.P. Mims v. State, 159 Tex.Cr.R. 180, 261 S.W.2d 727. It is not sufficient that the witness merely fails to testify as expected or to remember facts favorable to the party calling the witness. Crandall v. State, 170 Tex.Cr.R. 229, 340 S.W.2d 36. If the State, as in the case at bar, has offered no evidence to prove a relevant fact, it cannot be said that its witness, who denies existence of that relevant fact has by that denial stated facts injurious to the State's case. Baum v. State, 60 Tex.Cr.R. 638, 133 S.W. 271.

Further, foreknowledge of a witness's testimony precludes impeachment though such testimony is decidedly adverse on a vital issue. Perrett v. State, 75 Tex. Cr.R. 94, 170 S.W. 316; Hollingsworth v. State, 78 Tex.Cr.R. 489, 182 S.W. 465; Scott v. State, Tex.Cr.App., 20 S.W. 549; 62 Tex.Jur.2d, 339, Sec. 323.

In the instant case, the State, at no time, claimed surprise nor laid any predicate to justify impeaching its own witness. In fact the record is replete with evidence that the District Attorney had been told sometime prior to the trial by the prosecuting witness that she would deny that appellant had raped her and would claim her previous accusations were false.

In Ware v. State, Tex.Cr.App., 92 S.W. 1093, it was held that where the State's witness admitted that he had made a contrary statement, but said he made it by mistake and before the trial had informed State's counsel that he was mistaken such witness could not be impeached by such statement. See Barham v. State, 130 Tex.Cr.R. 233, 93 S.W.2d 741; Odneal v. State, 117 Tex. Cr.R. 412, 36 S.W.2d 1020.

Still further, it is well recognized that evidence of the results of a polygraph test is not admissible on behalf of either the State or the accused. Nichols v. State,

Tex.Cr.App., 378 S.W.2d 335; Placker v. State, 171 Tex.Cr.R. 406, 350 S.W.2d 546. Despite the fact that the trial court's attention was directed to these very two cases by appellant's counsel such evidence was nevertheless admitted.

Appellant did not testify nor offer any witnesses in his behalf.

The Court in its charge limited the jury's use of impeachment testimony to the weight, if any, to be given to the prosecuting witness's testimony and her credibility and instructed the jury such testimony could not be considered as tending to establish the alleged guilt of the defendant. Such charge, however, did not cure the errors already observed. 1 Branch's Anno.P.C.2d Ed., Sec. 186, p. 198.

While the record reflects some suspicious circumstances, we easily conclude that the evidence is clearly insufficient to support the jury's verdict.

■ The State's witness testified appellant was not the person committing the act and the State did not thereafter disprove by *primary* evidence such fact, thereby rendering the evidence insufficient to sustain the conviction. Mancil v. State, Tex.Cr. App., 391 S.W.2d 731.

■ It is well established that even properly admitted impeaching testimony cannot be used as primary evidence. Lawhon v. State, Tex.Cr.App., 284 S.W.2d 730; Wells v. State, 154 Tex.Cr.R. 336, 227 S.W.2d 210; Hall v. State, 164 Tex.Cr.R. 142, 297 S.W.2d 685; Shivers v. State, Tex.Cr.App., 374 S.W.2d 672; Rogers v. State, Tex.Cr.App., 368 S.W.2d 772. 1 Branch's Anno.P.C.2d Ed., Sec. 186, pp. 196, 197.

In Skeen v. State, 51 Tex.Cr.R. 39, 100 S.W. 770, this Court, in finding the evidence insufficient, was confronted with a fact situation quite similar to the case at bar. In Skeen, the alleged injured female swore most emphatically that appellant had not had intercourse with her at any time. The prosecutor was then allowed to elicit from his own witness that she had made a different statement to him and before the grand jury. There this Court said:

"* * * Without going into any detailed discussion of the grounds of exception, we hold this testimony, in regard to her statements to the county attorney and before the grand jury, was clearly inadmissible under the circumstances, and her impeachment, as it occurred, was clearly illegitimate. She had denied having intercourse with the defendant, and the fact that she had previously stated that she had had could only be used as impeachment, if such testimony was at all allowed; that is, it could not be used as original evidence, but in this particular case and under this state of case, however, it was not admissible at all; that this simply resulted in a failure to prove a fact, and such evidence could not be introduced to show that the fact had been previously stated. The failure to prove facts cannot be introduced in this manner as impeachment. See Dunagain v. State, 38 Tex.Cr.R. 616, 44 S.W. 148; Scott v. State (Tex.Cr.App.) 20 S.W. 549; Finley v. State (Tex.Cr.App.) 47 S.W. 1015; Erwin v. State, 24 S.W. 904, 32 Tex.Cr. R. 519; Bennett v. State, 24 Tex.App. 73, 5 S.W. 527, 5 Am.St.Rep. 875. Nor was this error cured by the fact that the court limited the consideration of this evidence to impeachment in the written charge to the jury."

See also Kern v. Cook, 155 Tex. 360, 287 S.W.2d 174.

In Doherty v. State, 84 Tex.Cr.R. 552, 208 S.W. 932, this Court said:

"The state had failed to make a case, and, whether this testimony be legitimate or not, it could be of no service to the state to prove a statement made by the girl by way of impeachment when she had directly sworn that no intercourse occurred. The state's whole case was made

by this character of testimony in the main. There were some circumstances detailed here and there that would throw suspicion upon the relations of appellant and his stepdaughter; but where the intercourse is positively denied by the prosecutrix, and there is no evidence, except remote circumstances that might tend to show a case of impeachment, it will not form the basis of a conviction. The jury may have believed the defendant guilty, but there must be proof of that fact."

In the case at bar if the jury had followed the Court's instructions limiting the impeachment testimony there could have been no conviction in light of the record.

■ A conviction based totally upon a lack of relevant evidence results in the denial of due process of law. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654.

We further observe that the wife of the appellant should not have been called as a witness against him under the circumstances here presented.

Article 38.11, V.A.C.C.P., 1965 (former Article 714), relates to the competence of a husband or wife to testify against each other, provides in part:

"However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under sixteen years of age * * *."

This revision of former Article 714 was recently discussed in Ex parte Moreland, Tex.Cr.App., 415 S.W.2d 428, not yet reported, in upholding the right of a wife to refuse to testify before a grand jury against her husband.

■ The fact that the wife of the appellant at bar did not wish to voluntarily testify was brought to the Court's and the prosecutor's attention by a motion to suppress prior to her testimony. The said motion was overruled. At the time the "rule" was invoked and again when called as a State's witness, the wife told the Court that she would not testify against her husband. Nevertheless, the Court and the prosecutor compelled her to take the witness stand in the presence of the jury and forced the appellant to object to her testimony and forced her to claim her privilege. It is clear from the record and the two questions asked and the answers elicited by the State that the only purpose of calling the witness was to have the jury use her refusal as a circumstance of guilt against appellant. In forcing such prejudicial action to occur, the Court and the State were guilty of an injustice and committed reversible error. Garland v. State, 51 Tex.Cr.R. 643, 104 S.W. 898; McClure v. State, 95 Tex.Cr.R. 53, 251 S.W. 1099; Messenger v. State, 81 Tex.Cr.R. 465, 198 S.W. 330; Lackey v. State, 148 Tex.Cr.R. 623, 190 S.W.2d 364; Johnson v. State, 158 Tex.Cr.R. 6, 252 S.W.2d 462; Rice v. State, 123 Tex.Cr.R. 326, 59 S.W.2d 119; Washburn v. State, 164 Tex.Cr.R. 448, 299 S.W.2d 706.

■ We still further observe that prior to trial the appellant filed his motion to change venue drafted in compliance with Article 31.03, V.A.C.C.P. and supported by affidavits. The motion was overruled. The motion was uncontroverted by the State either in the form of an affidavit or by the presentation of any evidence justifying the denial of motion, and there was not a waiver by appellant of a controverting affidavit. Under such circumstances, the appellant was entitled to have the venue changed and the Court erred in failing to grant the motion. Cox v. State, 90 Tex.Cr.R. 106, 234 S.W. 72; Ross v. State, 93 Tex.Cr.R. 531, 248 S.W. 685; Burleson v. State, 131 Tex.Cr.R. 576, 100 S.W.2d 1019, 1 Branch's Anno.P.C.2d Ed. 356, Sec. 312.

Numerous other errors, both assigned and unassigned, appear supported by the

**64**

record, but we do not feel that the jurisprudence of the State will be served by a discussion of them. They are not likely to re-occur in the event of a re-trial.

For errors observed, the judgment is reversed and remanded.