Bentura **FLORES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45971.

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied April 18, 1973.

Second Rehearing Denied May 16, 1973.

Richard J. Clarkson, Odessa, for appellant.

J. A. Bobo, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin. The jury assessed the punishment at eighteen hundred years.

Appellant contends the court erred in denying his motion for change of venue. The State urges that the motion was not accompanied by appellant's affidavit as required by Article 31.03, Vernon's Ann. C. C.P.[1], and was therefore defective.

On February 3, 1971, appellant filed a motion for change of venue. The motion was signed by appellant's court-appointed counsel but was not accompanied by appellant's personal affidavit. The motion was supported by the affidavits of fourteen citizens of Ector County who expressed their belief that discussion in the community and the news media of a grand jury report on local narcotics problems would make it impossible to obtain a fair trial by a disinterested jury. A copy of the grand jury report accompanied the motion and, on February 5, 1971, appellant filed stories from local newspapers and a transcription of a

[1]. The pertinent portion of Art. 31.03, V.A. C.C.P., provides: "A change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes . . . . "

local radio interview with the District Attorney, all of which concerned narcotics traffic in Ector County and how Ector County had helped the problem by its juries returning large verdicts against violators. The copies were authenticated by affidavits of newspaper and radio personnel.

The State did not controvert the motion, and the motion was overruled on February 26, 1971.

On March 1, 1971, appellant filed his personal affidavit in support of the motion for change of venue. The State never filed a controverting affidavit, and the record reflects that the motion was taken up on the following day prior to the trial. Before the announcements of ready and selection of the jury, the record reflects the following occurred:

"THE COURT: The Court is overruling the motion for change of venue. I am overruling his motion for change of venue this morning. The last one had failed to have an affidavit from the defendant. As completely presented to the Court this morning I am overruling his motion for change of venue. Now, are there any other matters?"

Appellant urges that the court erred in overruling his motion, and he cites as authority Wall v. State, Tex.Cr.App. 417 S.W.2d 59. In Wall, this Court said:

"We still further observe that prior to trial the appellant filed his motion to change venue drafted in compliance with Article 31.03, V.A.C.C.P. and supported by affidavits. The motion was overruled. The motion was uncontroverted by the State either in the form of an affidavit or by the presentation of any evidence justifying the denial of motion, and there was not a waiver by appellant of a controverting affidavit. Under

such circumstances, the appellant was entitled to have the venue changed and the Court erred in failing to grant the motion. Cox v. State, 90 Tex.Cr.R. 106, 234 S.W. 72; Ross v. State, 93 Tex.Cr.R. 531, 248 S.W. 685; Burleson v. State, 131 Tex.Cr.R. 576, 100 S.W.2d 1019, 1 Branch's Anno.P.C.2d Ed. 356, Sec. 312." 417 S.W.2d at 63.

When appellant's motion was first presented, it was not in compliance with Article 31.03, V.A.C.C.P., and was properly overruled on February 26, 1971. Donald v. State, Tex.Cr.App., 453 S.W.2d 825. The motion was again before the court after the filing of appellant's personal affidavit at which time the court noted that the motion had previously been overruled for the reason it was not supported by appellant's affidavit and proceeded to act on the motion "as completely presented to the court this morning." The motion for change of venue was in compliance with Article 31.03, V.A.C.C.P., after appellant filed his personal affidavit in support of same. The motion was uncontroverted by the State either by affidavit or evidence before the court and there was no waiver by appellant of a controverting affidavit. The court's action in overruling the motion came prior to the parties announcing ready for trial and before the selection of the jury. See Deverraux v. State, 473 S.W.2d 525. Thus, the rule of Wall v. State, supra, came into play and it became mandatory for the trial court to grant the motion to change venue and failure to do so requires reversal.

In view of our disposition of this case, other contentions raised by appellant will not be discussed.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.