Thomas **PURYEAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48446.

Court of Criminal Appeals of Texas.

June 5, 1974.

Charles W. Fairweather, Amarillo, for appellant.

Guy Hardin, Dist. Atty., Pampa, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, 99 years.

■ Ground of error one complains of the court's failure to grant appellant's motion for change of venue when the State did not file controverting affidavits. Reliance is had upon Flores v. State, Tex.Cr. App., 493 S.W.2d 785. It should be noted, however, that when the hearing on the motion was held appellant announced ready and made no objection to proceeding on the ground that the State had failed to file a controverting affidavit. In the recent case of Lewis v. State, Tex.Cr.App., 505 S.W.2d 603, we overruled the accused's contention, similar to the one at bar, that the motion for change of venue should have been granted as a matter of law. We held that the accused waived the requirement when he proceeded without objection with the hearing on the motion.

By supplemental brief filed after oral argument by permission of this Court, appellant seeks to bring this case within the holding of this Court in Wall v. State, 417 S.W.2d 59. In *Wall* appellant filed the proper motion for change of venue supported by affidavits. The motion was uncontroverted by the State either by affidavit or by the presentation of evidence justifying the denial of the motion. There we held that the action of the trial court in overruling appellant's motion was error. However, the distinction between the *Wall* case and the appeal now before us is that in *Wall* there was no hearing on the motion for change of venue, and the trial court had no basis for overruling an uncontroverted motion which was in compliance with the statutory requirements. Art. 31.03, Vernon's Ann.C.C.P.

In the appeal now before us, a hearing was held on appellant's motion. We hold that Lewis, supra, is controlling and ground of error one is overruled.

■ Ground of error two is that the "court erred in failing to grant a mistrial after prejudicial testimony was given before the jury in violation of the appellant's motion in limine" which had been granted by the court. It appears that prior to trial appellant's counsel had spoken to the injured party Brown and learned from her that her sister-in-law was in a mental hospital as a result of the actions of the appellant on the night in question. The court's order granting the motion in limine directed the witness and the District Attorney not to refer to the cause of her sister-in-law's illness. When Brown was called before the jury, she testified that she had been at her sister-in-law's house on the night in question. She was then asked where her sister-in-law lived at that time and she answered in Midland. She was then asked where she lived at this time and the witness Brown answered as

follows: "She is in the Larned State Hospital, due to this . . ." An objection was interposed, and the jury was retired. It was then developed that the prosecutor had not discussed the motion in limine before he placed the witness Brown on the stand. The trial court instructed the jury not to consider the words "due to this" and qualified the bill of exception in the absence of the jury by stating:

"The Court would point out to Counsel on both sides that the Larned State Hospital, to the court—I am not familiar with this institution, where it is, or what it is. There is nothing of the word 'mental' in it. I assume from what you gentlemen are saying, it is a Mental Hospital, but the court has no information to that effect. And I assume the Jury has no information to that effect."

It is not contended that the prosecutor acted in bad faith.

We conclude that since the Court and presumably the jury had no knowledge that "the Larned State Hospital" was a mental institution, if it is, that the court's instruction to the jury was sufficient to cure the error. See Guerrero v. State, Tex.Cr.App., 507 S.W.2d 765 (decided March 13, 1974); Cozby v. State, Tex.Cr.App., 506 S.W.2d 589, at p. 590; Viges v. State, Tex.Cr. App., 508 S.W.2d 76 (decided March 17, 1974). Ground of error two is overruled.

Ground of error three is "that the trial court erred in holding critical proceedings outside the presence of the appellant." By such ground appellant seeks to complain of two separate and distinct matters in violation of the terms of Article 40.09, Sec. 9, V.A.C.C.P. However, in answer to his complaint that the prosecutor, the appellant's attorney and the judge retired to the judge's chamber, we fail to find any objection to such proceedings. As to the children in the courtroom, we

are cited no case and no statement showing how appellant was injured thereby.

Finding no reversible error, the judgment is affirmed.