### I. G. THOMPSON v. THE STATE.

*No. 3563. Decided November 15.*

1. **Practice.**—A Bill of Exceptions, to be considered, must sufficiently set out the proceedings and attendant circumstances below to enable this court to know certainly that an error has been committed.

2. **Same—Impeaching Testimony—Charge of the Court.**—If a witness testifies to facts injurious to the party who introduces him, such party may impeach such witness by proving that he had made statements contradictory of his testimony. The charge of the court in such cases should instruct the jury that the impeaching testimony could be considered for no other than the purpose of impeachment. In this respect the charge in this case is deficient. The recital in the judge's certificate to the bill of exceptions that he informed the jury of the purpose for which the impeaching testimony was admitted, and that they could consider it for no other purpose, does not supply the omission in the charge.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. Blackburn.

This conviction was in the second degree for the murder of W. F. Hall. The penalty awarded by the verdict was a term of seven years in the penitentiary.

The rulings of the court on this appeal do not necessitate a summary of the evidence adduced on the trial

*James Boyd,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—Defendant's bill of exception relating to the testimony of Mrs. Dobbs, Mrs. Whitaker, and Robert Whitaker shows no error. The bill is indefinite and confused in its statement, so much so that we are unable to learn from it the facts upon which the ruling of the court complained of was based. As far as we can determine from the bill and the explanation thereof by the trial judge, no error was committed respecting the testimony of said witnesses. We infer from the bill that the prosecution sought to impeach some of its own witnesses by proving that they had made statements contradictory of their testimony. It was competent for the prosecution to do this if the said witnesses had testified to facts injurious to the cause of the State; and it does not appear from the bill of exception but that they had so testified. Willson's Crim. Stats., secs. 2486, 2487. A bill of exceptions, to be considered, must sufficiently set out the proceedings and attendant circumstances below to enable this court to know certainly that an error was committed.

But with respect to this impeaching testimony there is a defect in the charge of the court. The charge fails to instruct the jury that said testimony was admitted for the sole purpose of impeachment and could be considered for that purpose only. It was not criminative evidence against the defendant; but in the absence of an express instruction to the jury restricting their consideration of it to the sole purpose for which it was admitted, they may have regarded it as criminative of the defendant. If it was so regarded by the jury it was well calculated to prejudice the defendant's case by contradicting his theory of self-defense, and by strongly supporting the theory of the prosecution, which was that the deceased was shot while leaning upon the fence looking up at the defendant. Foster v. The State, 28 Texas Ct. App., 45; Rogers v. The State, 26 Texas Ct. App., 404.

In signing the bill of exception relating to said testimony, the learned trial judge states that he informed the jury of the purpose for which it was admitted, and that they could consider it for that purpose only. We can not regard this as equivalent to an instruction to that effect in the charge. Such instruction should have been embraced in the charge, so

as to be before the jury in their consideration of the case. We find no such instruction in the charge.

In other respects than the one above mentioned we see no error in the charge. It is full, fair, and applicable to the facts. Considered as a whole, it is not subject, we think, to the exceptions made to it by the defendant.

For the error mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.