IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

---

### JACKSON, APRIL TERM, 1895.

---

\* CHEROKEE PACKET CO. *v.* HILSON.

(*Jackson.* April 27, 1895.)

1. CHARGE OF COURT. *Failure to define negligence not error.*

   Charge of Court upon the subject of negligence, that fails to give a technical, abstract definition of that term, is not erroneous, when the charge upon that point, taken as a whole. is correct, and affords the jury all necessary instruction, and there is no request for further instructions. (*Post, p. 5.*)

2. SAME. *Using "conduct" as synonymous with "negligence" not erroneous.*

   Court's charge is not erroneous for the use of the term "conduct" as synonymous with "negligence," when it is manifest from the connection that negligent, careless, or reckless conduct was intended, and will be understood. (*Post, p. 5.*)

   Cases cited and approved: Railroad *v.* Fain, 12 Lea, 40; Railroad *v.* Fleming, 14 Lea, 135; Postal Tel. Co. *v.* Zopfi, 93 Tenn., 369; Railroad *v.* Spence, 93 Tenn., 173; Dush *v.* Fitzhugh, 2 Lea, 309.

---

\* For the duty of a carrier toward a person who has gone upon a train to assist a passenger, see note to Carr *v.* Eel River & E. R. R. Co. (Cal.), 21 L. R. A., 354.

1—11 P

Cherokee Packet Co. *v.* Hilson.

3. SAME.  *As to damages.*

Charge of Court is sufficiently definite and specific, in the absence of any request for further instructions, which enumerates to the jury the several elements of damage to be considered by them, but without elaboration or comment thereon. (*Post, p. 6.*)

Case cited: Railroad *v.* Roddy, 85 Tenn., 400.

4. WITNESS.  *Recalling of, discretionary.*

The Court's action permitting the recall of a witness to correct his testimony is discretionary, and does not constitute error unless there is manifest abuse of discretion apparent. (*Post, p. 6.*)

5. ASSIGNMENT OF ERROR.  *Insufficient, when.*

Assignment of error averring that verdict of jury is not warranted by the evidence, is insufficient. It should aver that there is no material evidence upon which the verdict can stand. (*Post, p. 6.*)

6. COMMON CARRIER.  *Duty to persons who visit its stations on business.*

A common carrier is liable for injury resulting from its negligence to persons who visit its stations or landings on legitimate business, including those who come to meet a friend or see him off. (*Post, p. 7.*)

Cases cited and approved: 88 Ky., 10; 64 Tex., 251; 51 Mich., 601; 47 Am. Rep., 596; 59 Mo., 27; 6 Gray, 64; 59 Pa. St., 143; 98 Am. Dec., 317; 18 S. E. Rep., 278; 23 Am. & Eng. Ry. Cas., 511; 21 *Id.*, 336; 28 *Id.*, 157.

7. VERDICT.  *Excessive.*

Verdict for $4,250 reversed upon the facts of this case, as being so excessive as to indicate passion, prejudice, or caprice on the part of the jury. (*Post, p. 7.*)

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.  L. H. ESTES, Judge.

H. C. WARINNER for Packet Co.

WATSON & FITZHUGH for Hilson.

WILKES, J.   This is an action for damages for personal injury.   It was tried before the Judge and a jury in the Circuit Court of Shelby County, when there was a verdict and judgment for plaintiff for $4,250, and defendant appealed and has assigned errors.

The plaintiff is a lady about 72 years of age. She and her daughter went down to the boat landing in the city of Memphis for the purpose of bidding her grandson good-bye, who had taken passage on the defendant's steamboat, Fred. Herrold.   They were met as they approached the boat by the grandson, and came onto the land end of the stage-plank, intending to go upon the boat and to the state-room of Kennedy, the grandson.

The cargo of the boat was meat shipped in large boxes, and was then being unloaded by being placed upon trucks and run down the stage-plank to the landing.

Plaintiff, with her daughter and grandson, seeing one of these trucks with a box upon it just coming down the boat end of the stage-plank as she approached the other end, stepped aside four or five feet to a place apparently safe and shown by the proof to have been out of apparent danger, and waited for the box to be brought down and cleared of the stage-plank.

The weather had been intensely hot, and the grease from the meat had run through the crevices of the boxes and over the stage-plank until it was very slick, and the proof shows that, in unloading the boxes, the hands on the boat had let one box slip into the water, and it was difficult to keep the trucks on the plank.

Plaintiff was on the side of the stage opposite to the point where the boxes were being discharged, and while standing in this place, apparently free from danger, a box of the meat weighing about 600 pounds, being rolled over the stage to the landing, either through the greasy condition of the stage-plank or careless handling and tilting of the employes, or both, was allowed to escape control and was overturned upon the plaintiff, catching and breaking her right leg and bruising her body upon the cobble stones of the landing.

The evidence is abundant that the boxes, trucks, and stage-plank were all greasy and slick and the trucks were very difficult to handle, and, in unloading, several had slipped off. There is also evidence tending to show that the employes were careless or reckless in handling the trucks and boxes, and that the stage-plank and extension planks were not properly joined together and adjusted.

There was some testimony that warning had been given to bystanders to keep away, but this is not brought · home to the plaintiff by the proof, and there is no evidence that plaintiff was guilty of

negligence, but the captain of the boat testifies that he did not consider her in any danger where she was standing.

Several errors are assigned.

It is said the Court erred in not sufficiently defining negligence under the facts of the case. The trial Judge used the term in many places, and once defined it as carelessness, and, while he did not attempt to give an abstract, technical definition, we think his whole charge upon this point was well adapted to the comprehension and instruction of the jury. There was no request for more specific instructions. It is said that the Court erred in using the term "conduct" of the defendant as causing the injury, without explaining that such conduct must show a want of reasonable care on the part of the company. If this word conduct was used alone in the charge so as to leave the jury to infer liability on the part of the company, without regard to whether that conduct was careful or negligent, the criticism might be just; but it is used a number of times in the charge in connection with the negligence of the company and the want of care of the employes, and in such connection and manner as to clearly show to the jury that it was negligent, careless, or reckless conduct of the company for which it would be liable. A similar use of the word has been made in a number of cases and held not error. *Deish* v. *Fitzhugh*, 2 Lea, 309 ; *Railroad* v. *Fain* 12 Lea, 40 ; *Railroad* v. *Fleming*, 14 Lea, 135 ; *Postal Telegraph-*

*Cable Company* v. *Zopfi*, 93 Tenn., 369 ; *Railroad* v. *Spence*, 93 Tenn., 173, 181.

It is said the charge of the Court upon the subject of damages was too indefinite and general, when the whole matter should have been explained to the jury and the different elements of damages commented upon. On this point it is sufficient to say that no further instructions were asked, and the instructions given were full and altogether sufficient under the facts of this case. The charge, as given, clearly instructs the jury to consider the pain and suffering and the permanent injury suffered by the plaintiff as the elements of damages. It is a case specially within the province of the jury to estimate the extent of the injury and assess the amount of damages. *Railroad Company* v. *Roddy*, 1 Pick., 400.

It is said there was error in allowing the plaintiff to go the second time upon the witness stand, the second time being for the purpose of correcting her statement as to the length of time she was confined to her bed. This was in the discretion of the trial Judge, and we see no abuse of that discretion in his action.

It is objected that the verdict is not warranted by the testimony. This objection is not well taken. It should go to the extent that there is no material testimony on which the verdict could be based. Treating it, however, as raising the question that, under the facts, the law would not fix any liability, on the idea that plaintiff was neither a passenger nor

intending to become one, we think the assignment not well made.

A common carrier is under a duty to prevent injury, from its negligence, to those who come upon its premises for the purpose of doing business with it; and, among others, this obligation extends to persons who are on the premises to meet a friend or see him off, or, as it is aptly said, to welcome the coming or speed the parting guest. 16 Am. & Eng. Enc. L., 414; 23 Am. & Eng. Enc. L., 132; 2 Wood's Railway Law, pp. 1334-6, sec. 310, note; *Railroad Co.* v. *Perry*, 88 Ky., 10 (S. W. R., 472); *Hamilton* v. *Railroad Co.*, 64 Tex., 251; Pierce on Railroads, 275; *McKone* v. *Railroad Co.*, 51 Mich., 601; 47 Am. Rep., 596; *Doss* v. *Railroad Co.*, 59 Mo., 27; *Lucas* v. *Railroad Co.*, 6 Gray, 64; *Gillis* v. *Railroad Co.*, 59 Pa. State, 143; 98 Am. Dec., 317; *Danville Railroad Co.* v. *Brown*, 18 S. E. Rep., 278, 280; 23 Am. & Eng. Railway Cases, 511; 21 *Ib.*, 336; 28 *Ib.*, 157.

There was no claim made for punitive or vindictive damages, and no proof on which to base such claim, and we must presume the damages were intended to be compensatory. While we think, under the facts, there is a clear case of legal liability, we think the damages are so excessive as to indicate passion, prejudice, or caprice; and, upon this ground alone, we reverse the judgment of the Court below, and remand the cause for another trial. This is the result reached after a careful consideration of the whole case on rehearing.