Shields, J.
The following facts appear of record:
On February 13, 1919, one Louis Frietchen commenced an action in the court of common pleas of Richland county against John Berger, Delilah Berger and Della M. Berger, for damages growing out of the alleged negligent, careless and unlawful operation of an automobile upon certain streets in the city of Mansfield, in said county, on September 25, 1918, whereby said Louis Frietchen was struck and thrown violently to the street and permanently injured, as is more particularly described in his petition.
On February 26, 1919, after service of summons was made upon defendants in said action, the plaintiff’s attorneys caused subpoenas to issue for the *207 defendants Delilah Berger and Della M. Berger, commanding them to be and appear before one Wm. F. Black, a notary public in and for Richland county, on the 28th day of February, 1919, at the law office of • the plaintiff’s attorneys in the city of Mansfield, in said county, to be examined as witnesses as on cross-examination, in behalf of the plaintiff in said action; that pursuant to such process issued, above named defendants duly appeared at the time and place stated, when the said “Delilah Berger being duly sworn was introduced as a witness as upon cross-examination,” who, after making answers to the usual preliminary questions as to her residence and occupation, was interrogated as to the accident occurring at the intersection of the streets mentioned, at the place mentioned, as stated in the petition, when she refused to answer for the reasons hereinafter stated in the following affidavit, which, on the advice of her counsel, she made and filed at that time with the said notary public:
“No. 13806. Louis Frietchen, Plaintiff, vs. John Berger et al., Defendants.
“affidavit.

“State of Ohio, Richland County, ss.:

“Delilah Berger, being by me first duly sworn says that she is one of the defendants named in the above style cause of action, and the daughter of the defendant, John Berger herein, that the cause ■in which her deposition is to be taken or to be attempted to be taken is now pending in this court; that she will of necessity be a witness in the cause, *208 and will be present to testify in the case and to subject herself to examination and cross-examination; that the issues in the case have not yet been made up; that no answer has been filed to the petition of the plaintiff herein, Louis Frietchen, and that the time within which defendants are required to plead has not yet expired; that she is informed by her counsel and believes the fact to be that her deposition is not about to be taken in good faith and for the purpose of being -used as testimony in said cause but for the purpose of- finding out what her testimony and that of the defendants will be at the trial, in advance of trial, and solely for the purpose and with the single object to discover the manner in which the defendants’ defense herein is to be established, and to compel the defendants herein to disclose in advance before trial their evidence which relates exclusively to said defendants’ 'defense. ■ i - 1
“That she is now and has been for a number of years a resident of the county of Richland and the city of Mansfield and expects to be a resident of this county and this city; that she is in robust health, is not suffering from any infirmity, and does not expect to be imprisoned, and that her testimony is not -required on any motion made or to be made but is asked wholly to discover the merits of the defense to. plaintiffs’ action.
“And further affiant sayeth not.
“Delilah Berger.
“Sworn to and subscribed before me this 4th day -of March, 1919. Wm. F. Black,-

“Notary Public

*209 The grounds set forth in this affidavit being held by the notary public to be insufficient to excuse and relieve the witness from answering the interrogatories, the notary public thereupon further inquired of said witness:
“Q. You refuse to answer any and all questions pertaining to this inquiry for the reasons stated by your counsel £ *
“A. Yes.
vL O/ ^ ^ /{«
“Judge Brucker. I ask that she be committed for contempt.
“Mr. Workman. I insist that the other method be taken, that the deposition be transmitted to the court with the affidavit of the witness and the counter-affidavit, if plaintiff so desires, with the request of the court to give instructions to the notary public as to the questions involved.
“The notary thereupon ordered and adjudged that the witness Delilah Berger be committed to the jail of Richland county, Ohio, for contempt, to which ruling counsel for the witness excepted.”
That, afterward, upon application made, a writ of habeas corpus was issued by the court of common pleas of said county, directed to the sheriff of Richland county, to produce the person of the said Delilah Berger in court, and having done so, the court upon a hearing had of the proceedings herein ordered and adjudged “that the said Delilah Berger be forthwith discharged from her said detention,” whereupon a petition in error was filed in this court to review and reverse the judgment of the court *210 upon grounds therein stated, among which is that said judgment is contrary to law.
It appears that the sole question presented upon the record is the legal question of the right of plaintiff below to take the testimony by deposition, in advance of a trial of Delilah Berger, a party defendant to said action and served with process, and to have said Delilah Berger true answers make before a notary public to all proper inquiries made of her, as upon cross-examination, in behalf of said plaintiff, touching the accident upon which said action is based.
The chancery practice of filing what was known as an equity bill for discovery appears to have been superseded by statutory legislation and as a substitute therefor Section 11497, General Code, was enacted by the legislature, which provides:
“At the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness. If the party be a corporation, any or all the officers thereof may be so examined at the instance of the adverse party. The party calling for such examination shall not thereby be concluded but may rebut it by counter testimony.
In addition to the foregoing, interrogatories are authorized to be annexed to a pleading under Section 11348, General Code. Under the same Chapter (3), relating to evidence, Section 11525, General Code, provides:
“The deposition of a witness may be used only when it is made to appear to the satisfaction of the court that he does not reside in, or is absent from, the county where the action or proceeding is pend *211 ing, or, by change of venue, is set for trial; or that he is dead, or, from age, infirmity, or imprisonment, is unable to attend court; or that the testimony is required upon a motion, or where the oral examination of the witness is not required.”
It will thus be seen that the first of the statutes cited provides for an examination of a party'to an action by deposition, while by the last statute cited it is provided when the deposition of a witness may be used. One authorizes the taking without any restrictions, and the other the use subject to certain conditions. Here we have to deal with the first proposition only. As was said by Judge Davis in announcing the opinion in In re Rauh et al., 65 Ohio St., 128, 135:
“The right to take depositions should be carefully distinguished from the right to use them.”
The question at issue here involves the right to take the deposition of the said Delilah Berger, and not the use of the depositions when taken. The law designates different officers before whom depositions may be taken, among them 'a notary public, whose powers are not judicial, find therefore a notary public is not authorized to pass upon and determine the materiality or competency of testimony offered, but his duty is to reduce such testimony to writing and transmit it to the court wherein such action is pending. As was held in the third proposition of the syllabus in DeCamp v. Archibald, 50 Ohio St., 618:
“Where the question propounded involves no question of privilege on the part of the witness, it is his duty to answer, if ordered by the. notary to do so. The question of its competency is a matter *212 for the determination of the court on the trial of the action in which the evidence is taken; and if he refuses to do so, when ordered, he may be committed as a contumacious witness.”
An examination óf the record herein shows that after the witness appeared before the notary public for examination, pursuant to the command of the subpoena served on her, and after she was sworn to testify, her counsel objected to the taking of her testimony “-for the reason that the object of the deposition is to discover defendants’ testimony,” which objection was overruled. Then followed the interrogatories and answers as appear in said deposition, when said objection was repeated and overruled, after said affidavit was filed. Hence it appears that the sole objection to the taking of said deposition was based on the ground that it was “to discover defendants’ testimony.” If it were a matter upon which we were, required to speak, we would unhesitatingly record our dissent from the wisdom of the statute referred'to, for reasons, not necessary here to state, but it is sufficient to say that the individual opinion of courts can not be substituted for the legislative will when enacted into law, and it is the duty of courts to announce the law as written into our statute books. The question made here is not one of professional ethics, but of a statutory law — a statute requiring enforcement as interpreted by the highest court of this state. ' In this connection we have examined the numerous authorities which the diligence and research of counsel have brought to our attention, and we think that the question presented has been met by like questions passed upon by the supreme *213 court of this state, which authorities are therefore decisive of the question in controversy here. In In re Rauh et al., 65 Ohio St., 128, already referred to, where Section 5266, Revised Statutes, now re-enacted as Section 11526, General Code, was under consideration, it was held:
“A deposition may be taken at any time after service of summons upon the defendant in the action, but it can be used on the trial only in the cases prescribed in Revised Statutes, Section 5265; and the deposition of any witness, whether a party to the action or not, may be so taken.”
In Ex parte Malcolm Jennings, 60 Ohio St., 319, it was held:
“A witness whose deposition is being taken before an officer may refuse to testify to facts not relevant to the issues in the case in which the deposition is to be read, if the disclosure of such irrelevant facts would be injurious to the business of the witness; and, if imprisoned by the officer for such refusal, he may be discharged on habeas corpus.”
Here the authority of a notary public committing a witness for refusing to answer a question of personal privilege, and an incompetent question, was involved, and not the right of a party to take the deposition of an opposing'party.
Ex parte Schoepf, 74 Ohio St., 1, was cited and relied on by counsel for the defendant in error. The first two paragraphs of the syllabus in said case are as follows:
“The clause in section 5247, Revised Statutes,'which he may be compelled to produce as evidence,’ and as used in In re Rauh, 65 Ohio St., 128, must be construed with section 5289, Revised Statutes, and *214 is therefore limited to evidence pertinent to the issue, in cases and under circumstances where a party might heretofore have been compelled to produce the same by the ordinary rules of proceeding in chancery.
“The rule in chancery as to compelling the production of documents for the purpose of evidence and inspection was and is that a party is entitled to a discovery of such facts or documents in his adversary’s possession or under his control, as are material and necessary to make out his own case; but that this right does not extend to a discovery of the manner in which the adverse party’s case is to be established, nor to evidence which relates exclusively to the adverse party’s case.”
It is true that a reading of the last clause of the second. paragraph of the syllabus cited, unexplained, is susceptible of an interpretation fávorable to the contention made by counsel for the defendant in error, but an examination of the opinion in said case, in connection with the facts, does not warrant such interpretation. Here it was sought to obtain from the witness, who was the claim agent of the traction company, answers to certain questions which were conceded to be immaterial, irrelevant and incompetent because they called for hearsay testimony and therefore “would be inadmissible if offered to a jury on the trial of a case, because of the rule against hearsay.” Further, it' appeared that said witness had delivered to the counsel for said traction company reports of the conductor and motorman of the car made to him of the accident, and said reports were therefore private and privileged. The judge announcing the *215 opinion in this case in referring to the Jennings and Rauh cases says at page 11:
“Accordingly it was nowhere said in either of the decisions of this court already referred to, nor was it intended to be inferred, that a witness might be compelled to surrender to his adversary a coveted document, before the right to compel production of it had been submitted to the judgment of a competent tribunal.”
The question here put related to the inspection of documentary evidence, and the right given an adverse party to obtain such inspection is specially authorized by statute. At best, the contents of said reports could not be orally given by the witness when they were in the possession of another, and it is apparent that they related exclusively to the adverse party’s case. Said reports were held to be privileged and, falling within that cláss of testimony, the court held that the refusal of the witness to produce said reports was not “lawfully ordered.” Not so in the case at bar where the witness refused to answer questions solely upon the ground that an effort was being made, as claimed, “to discover defendants’ testimony.” Of course we are not at liberty to speculate upon what the status of the case will be when the issues are fully made up between these parties, but in the light of the cases decided by the supreme court of this state we are of the opinion that the questions put to and declined to be answered by the witness Delilah Berger were both competent and pertinent under the petition filed and that the action of the notary in ordering said witness to be committed to jail as for contempt in her refusal to answer said questions was within the *216 lawful exercise of his authority. It follows that the judgment of the court of common pleas in-.- discharging Delilah Berger from custody in the habeas corpus proceeding must be reversed, and it is so ordered.

Judgment reversed.

Houck and Patterson, JJ., concur.