**PATTON MOTOR TRUCKING CO. v. KNAPP**
Ohio Appeals, 5th Dist., Ashland Co.
No. 153. Decided Nov. 6, 1926

1162. TESTIMONY—Where part of a witness's answer might be incompetent, and where counsel made a motion to strike out the entire answer, although part of it was clearly competent, counsel is in no position to complain of the overruling of the motion to strike out the entire answer, where no motion was filed to strike out that part which might seem to be erroneous.

1024. RES GESTAE—Conversation of truck driver immediately after collision that "we were on the wrong side of the road" is a part of the res gestae and is competent.

### First Publication of this Opinion
HOUCK, J.

Samuel Knapp brought an action in the Ashland Common Pleas against the Patton Trucking Co. for damages to his automobile, in the amount of $1500. These damages were claimed as a result of a collision between a truck and trailer owned by the Company and Knapp's machine driven by his son.

A verdict in favor of Knapp was returned in the sum of $900, and judgment thereon was entered. Error was prosecuted and it was claimed by the Company that the court erred in refusing to give certain special written requests, number three being substantially, that because the court charges the jury as to measure of damages, does not mean or imply that the Court is of the opinion that plaintiff is entitled to recover, and that the jury must not so infer from such damages.

Request number six which was also refused stated that if the street were covered with slippery ice, and the ice was worn down in the center "so that the center of said pavement was the travelled portion of said highway," defendant's truck had the right to tarvel over the center of said highway. The Court of Appeals held:

1. Written requests of law before argument must be given if such requests contain propositions of law applicable and pertinent to the issues raised by the pleadings and the evidence. Chesrown v. Bevier, 101 OS. 282.

2. Request number three, is clearly objectionable in form as well as to the law applicable to the issues and proven facts in the case. It is not within the province of the trial judge to express an opinion upon any branch of the case, including the question of damages.

3. Request number six was properly refused because it was a disputed question of fact as to where the beaten path was, whether in the center or the side of the road.

4. It was also claimed that the court erred in admitting testimony which, in effect, conveyed to the jury that the company's truck was insured; and that the insurer would reimburse Knapp for any damages resulting from the collision.

5. The driver of the truck, immediately after the accident had a conversation with Bedford Knapp and one other in which he said, "You ought not to have much trouble with this, we were on the wrong side of the road, on the left hand side, our car is insured and the insurance company will take care of that."

6. This conversation was part of the res gestae and was competent testimony. No motion having been made to strike out the latter part of the testimony, namely, "our car is insured and the insurance company will take care of that," it follows that counsel cannot complain of the action of the court in overruling his motion to strike out the entire answer.

Judgment therefore affirmed.

(Shields & Lemert, JJ., concur.)

Attorneys—Waters, Andress, Southworth, Wise & Maxon, Akron, for Company; C. H. Workman, Mansfield, for Knapp.