FREDDIE LEE HALL v. STATE

No. 28,648. January 16, 1957.

Robert B. Billings, Dallas, for appellant.

*Henry M. Wade,* Criminal District Attorney, *Tom Thorpe,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possesison of heroin; the punishment, 35 years.

Officers searched an apartment which was shown to have been rented to the appellant. At the time of the search, Mary Elizabeth Taylor, Tommy Jean Dawson, and O. B. Blackshear were in the apartment and were arrested. A man was seen as he fled from the apartment, but he was not identified as the appellant. Dawson and Blackshear sub-rented from the appellant and occupied one bedroom jointly. Taylor was a former resident of the apartment and had come there on the day of the raid to get her clothes. A quantity of heroin was found in one room, but paraphernalia for administering narcotics was found in other rooms of the apartment.

Dawson, testifying for the state, identified the room where the heroin was found as being the one occupied by the appellant. She admitted that she was at the time of the trial serving a term in the penitentiary for possession of the heroin involved in this prosecution and admitted further that she had seen Blackshear in possession of heroin. On direct examination, she denied that the appellant had been in the apartment shortly before the raid. The state plead surprise and proved that Dawson had made an affidavit to the district attorney in which she stated that she had seen the appellant in the apartment placing the heroin, which was later found by the police, in capsules a short time before the raid.

The basic rule of evidence involved is expressed in Brown v. State, 55 Tex. Cr. Rep. 9, 114 S.W. 820, wherein this court in discussing what is now Article 795, V.A.C.C.P., said:

"Under the provisions of this article, we are of opinion that

the state had a right to contradict the witness Barnhart (the state's principal witness) and to show that he had made statements contradictory of his testimony on the witness stand. However, this testimony was only admissible for the purpose of affecting the credibility of the witness, and this testimony could not be used for the purpose of proving, or tending to prove, any material fact necessary for the state to establish in order to convict, and, when the testimony offered in the trial of the case is analyzed and stripped of the statements made by the witness contradictory of his testimony on the stand, it fails to make out a case against the appellant."

We need not determine if the charge requested by the appellant was too restrictive because we have concluded that it was sufficient to call the court's attention to the fact that he had not placed any limitation whatsoever on the contradictory statements in his charge.

The rule is expressed in Branch's Annotated Penal Code (2nd Ed.), Sec. 202, p. 223, as follows:

"If the State impeaches her own witness by proof of contradictory statements not admissible as original evidence and the same could be used by the jury to establish any fact in the case other than as affecting the credibility of the witness, the court should limit such proof in the charge to the jury. Tyler v. State, 13 App. 209; Williams v. State, 25 App. 89, 7 S.W. 661; Thompson v. State, 29 App. 209, 15 S.W. 206; Shackleford v. State, 27 S.W. 8; Paris v. State, 35 Crim. 94, 31 S.W. 857; Owens v. State, 35 Crim. 351, 33 S.W. 875; Finley v. State, 47 S.W. 1015; Sapp v. State, 77 S.W. 457; Jones v. State, 69 Crim. 497, 154 S.W. 1019; Liner v. State, 70 Crim. 75, 156 S.W. 211."

In Carroll v. State, 143 Texas Cr. Rep. 269, 158 S.W. 2d 532, where the state proved contradictory statements of its own as well as witnesses for the defense, we approved a charge which read as follows:

"You are further instructed that the testimony of the witness, E. D. Cartwright, regarding the statements of the witnesses Frank Carroll and Mrs. Frank Carroll, was admitted for the purpose of impeaching the said witnesses, Frank Carroll and Mrs. Frank Carroll, if you find that it does impeach them, and you cannot consider said impeachment testimony as any evidence whatever of the guilt of the defendant."

For the error in the court's charge, the judgment is reversed and the cause remanded.