OLLIE (BUSTER) McFARLIN

*v.*

STATE OF TENNESSEE.

381 S.W.2d 922.

(*Nashville,* December Term, 1963.)

Opinion filed August 28, 1964.

MacFarland & Colley, Jerry Colley, Columbia for plaintiff in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Felts delivered the opinion of the Court.

Plaintiff in error, referred to as the defendant, was tried on two separate charges of contributing to the delinquency of a minor female in violation of T.C.A. sec. 37-270, by employing and allowing her to sell beer and whiskey and commit acts of sexual intercourse in his place of business, a tavern. The cases were consolidated and the jury found the defendant guilty in both cases, and fixed his punishment at eleven months and twenty-nine days in the county workhouse in one case, and a fine of $500.00 in the other case.

The defendant appealed in error, and insists that the Trial Judge erred in permitting certain extra-judicial statements, not taken in the presence of the defendant,

to be presented to the jury as substantive evidence of the truth of the matters asserted therein.

The State relied substantially upon the statements and testimony of the two young girls, Mary Ann and Carol, whose delinquency was allegedly contributed to by the defendant. Mary Ann, called as a witness for the State, testified that she started working for the defendant at his tavern early in the month of December, 1962. She denied ever having sold beer or whiskey, or ever having had sexual intercourse with the defendant.

This testimony apparently came as a complete surprise to the State, and upon the motion of the district attorney general, the Trial Court declared her a hostile witness, and over the objection of the defendant, permitted the witness to be cross-examined by the State and her written extra-judicial statement of January 3, 1963, to be admitted into evidence.

In this statement, which was made to the officers and the Juvenile Judge, Ira Rich, after Mary Ann had been arrested on the request of her mother, the young girl admitted working behind the bar and serving beer in the tavern, and that she slept with the defendant and had sexual intercourse with him. After the district attorney general had read her statement to her, Mary Ann admitted making it in the presence of Judge Rich, but denied that it was true; her explanation was that she had lied in the statement in order to get the defendant in trouble.

Carol also took the stand on behalf of the State. On direct examination she testified that she had sometimes sold beer in the defendant's place of business, but that she had never had any sexual relations with the defend-

ant. She did, however, testify that she had had sexual intercourse with another man in a bed located in a back room of the tavern.

She was similarly declared hostile by the court and the State was permitted, over defendant's objection, to introduce her extra-judicial statement of January 3, 1963, into evidence. In the statement, which was also made to Judge Rich, she admitted having had intercourse with defendant about 4:00 A.M. December 4, 1962. She also stated in the prior statement that on the night of December 22, 1962, she and Mary Ann had sexual relations with defendant and another man on the same bed; and that the defendant had given the two girls whiskey on several occasions. Carol also acknowledged making the statement in the presence of Juvenile Judge Rich, but denied the truth of it and contended she lied in order to get the defendant into trouble.

After a recess the State recalled the two 13-year-old girls to the witness stand and they stated that they wished to "correct" their previous testimony. Over the objection of the defense, both testified that they had not told the truth upon the stand in their first testimony, but that the matters stated in their prior extra-judicial statements were the truth.

The defendant took the stand in his own behalf and testified that he had hired one of the girls merely to help her out so that she could buy Christmas presents and that the other girl came around to see her, and that the other girl was not employed by him. He denied that they had ever sold beer or whiskey behind the bar or that he had ever had any sexual relations with either of these girls.

In the defendant's assignments of error, it is insisted that the only evidence in the record showing defendant guilty of contributing to the delinquency of these girls are the statements made prior to trial and out of the presence of the defendant; that these statements were erroneously admitted without qualifying instruction into evidence; and that, therefore, the evidence does not sustain the verdict.

We consider these assignments together, for there can be no question about the sufficiency of the evidence, if the prior inconsistent statements of Carol and Mary Ann were properly admitted in evidence and could properly be considered as substantive evidence of the charges against defendant.

It is a well settled rule in this State that prior inconsistent statements, admitted for the purposes of impeachment, are to be considered only for the purpose of testing the witness's credibility, but not as substantive evidence of the truth of the matter asserted in such statement. *King v. State,* 187 Tenn. 431, 215 S.W.2d 813 (1948); *Rhea v. State,* 208 Tenn. 559, 347 S.W.2d 486 (1961); *Moseley v. Goodman,* 138 Tenn. 1, 195 S.W. 590 (1917).

This case, however, has an unusual situation. Here, the evidence was admitted for impeachment purposes, the witness admitting making the statement but denying its truth. Then, the witness was recalled, and "corrected" her testimony, affirming the truth of the statements.

The main arguments against the admission of extrajudicial declarations are that they are hearsay, and are subject to all the dangers of hearsay, not being under

oath, and not being subject to cross-examination. However, when the impeached witness, after denying the truth of such a prior statement, is recalled and corrects his testimony so as to affirm the truth of it, his statement then is not hearsay because it is now made under oath, in the presence of defendant, and before the court, and subject to cross-examination to test his credibility; and it is then to be considered by the jury as a part of the total testimony of the witness.

■ It is complained that the Trial Judge erred in permitting the two girls, Carol and Mary Ann, to be recalled as witnesses by the State to correct the prior testimony they had given. This was a matter within the sound discretion of the Trial Judge and we think he did not abuse such discretion. *Cherokee Packet Co. v. Hilson,* 95 Tenn. 1, 31 S.W. 737 (1895); *Yellow Bus Line v. Brenner,* 31 Tenn.App. 209, 223, 213 S.W.2d 626 (1948).

This disposes of all the material questions made by defendant's assignments of error. All of them are overruled and the judgment is affirmed.