**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Dennis SNAVELY, Defendant and Appellant.**

**Cr. No. 406.**

Supreme Court of North Dakota.

Aug. 31, 1971.

Walter O. Burk, Williston, for defendant and appellant.

Helgi Johanneson, Atty. Gen., Bismarck, and Phyllis Ann Ratcliffe, State's Atty., Watford City, for plaintiff and respondent.

STRUTZ, Chief Justice (on reassignment).

The defendant was charged with taking indecent liberties with the person of an individual under the age of eighteen years. The complaining witness gave the state's attorney an unsworn written statement which declared that, on the occasion in question, the defendant had committed acts which, if true, would make him guilty of the crime of taking indecent liberties with her person. On the strength of this unsworn written statement, the defendant was charged and brought to trial.

Both sides waived trial by jury and the defendant was thereafter tried to the court. The transcript discloses that at the trial the complaining witness completely repudiated the accusation previously made against the defendant, which had been the basis of the prosecution. Claiming surprise, the state's attorney, with the consent of the court, cross-examined the witness upon the prior statement, and thereafter, over objection of the defendant, such statement was introduced in evidence.

Two other parties were present at the time of the commission of the alleged crime, and while they admitted that the complaining witness and the defendant were in the back seat of the automobile together, they denied having seen anything that was improper. The chief of police also testified for the State. He had not been present when the written statement was given by the complaining witness, and could not give any competent evidence other than on the credibility of the complaining witness.

On the evidence as above outlined, the trial court found the defendant guilty of taking indecent liberties with a minor, and this appeal was thereafter taken from the judgment of conviction.

The sole issue on this appeal is whether the defendant could be convicted on the strength of the unsworn written statement previously given by the complaining witness, when such statement was completely repudiated by this witness at the trial.

■ The record before us fails to disclose any competent evidence which would point to the guilt of the defendant. Although there is some authority to the effect that evidence of the contents of an unsworn statement should be competent as substantive evidence in a criminal prosecution [see 2 Wigmore on Evidence (2d ed.) § 1018], the vast majority of jurisdictions adopt what we believe to be the better rule and hold that such evidence is admissible only for impeachment purposes on the issue of credibility of the complaining witness. State v. Mlynczak, 268 Minn. 417, 130 N.W.2d 53 (1964); McFarlin v. State, 214 Tenn. 613, 381 S.W.2d 922 (1964); State v. Witmer, 174 Neb. 449, 118 N.W.2d 510 (1962); Hall v. State, 164 Tex.Cr.R. 142, 297 S.W.2d 685 (1947).

■ Therefore, it will be seen that while evidence of contrary statements made out of court are admissible as tending to discredit and impeach a witness they are not admissible as affirmative proof of facts related in such statement. There is good reason for this rule. A complaining witness could make the wildest statements against one whom she wanted to punish but then refuse to make such statements when under oath at the trial. Or, she might make statements when being questioned by the state's attorney or police officers and then refuse to repeat them under oath at the trial. If a conviction based solely on statements given under such circumstances were possible, a defendant might well be deprived of his liberty without any substantive evidence being produced against him.

■ We hold that no competent evidence was produced to support the verdict

of guilty and we therefore reverse the defendant's conviction.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.