IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## STATE OF TENNESSEE v. QUENTIN D. ARMSTRONG

**Appeal from the Criminal Court for Davidson County**
**No. 99-B-1107     Steve Dozier, Judge**

_____

**No. M2001-00227-CCA-R3-CD - Filed October 25, 2001**

_____

The Defendant, Quentin D. Armstrong, was convicted of two counts of aggravated assault in the Criminal Court of Davidson County. The trial court merged the second count into the first and sentenced the Defendant to six years. In his appeal as of right, the Defendant contends that (1) the evidence was insufficient to support his convictions for aggravated assault and (2) the trial court erred in refusing to instruct the jury concerning self-defense. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Quentin D. Armstrong.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Rachelle Laisnez, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 1, 1996, the Defendant and his girlfriend Deborah Bright, the victim, were at the home of a friend in Nashville. The two began to argue about a set of scales belonging to the Defendant that the victim had apparently broken. The victim eventually walked away from the argument and went to a nearby store to buy candy and a beer. When the victim returned, the Defendant was sitting on a front porch swing, and she sat down next to him. Suddenly, the Defendant struck the victim in the face with a beer bottle, breaking the bottle and permanently scarring and damaging the victim's face and eye.

Sharon Bright, the victim's sister, who was also sitting on the porch with the victim and the Defendant, ran to a nearby pay phone and called for an ambulance while the Defendant left the scene. At the emergency room, a piece of glass was removed from the victim's face. The victim's injuries required twenty stitches.

The victim and Ms. Sharon Bright testified at trial that the Defendant struck the victim without warning and that the victim did not provoke the Defendant in any way. Officer Kyle Anderson, who responded to the emergency call from the victim's sister, testified that the victim informed him that she and the Defendant had been having a long argument during the preceeding three days. Charles Scott, a private investigator, testified for the defense that the victim informed him that she and the Defendant were fighting and she was "kicking his ass, and he hit me with a bottle." Mr. Scott's testimony was admitted as impeachment of the victim's testimony by a prior inconsistent statement.

## SUFFICIENCY OF THE EVIDENCE

The Defendant raises a challenge to the sufficiency of the convicting evidence as an issue on appeal; however, he fails to address the issue in his brief. Rule 10(b) of the Tennessee Rules of the Court of Criminal Appeals provides that issues that are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this Court. Any challenge to the sufficiency of the convicting evidence has been waived by the Defendant's failure to address the issue on appeal. However, we conclude that the evidence presented at trial is sufficient to support the conviction.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts.

See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

The Defendant was convicted of aggravated assault causing serious bodily injury and aggravated assault by use of a deadly weapon. See Tenn. Code Ann. § 39-13-102(a)(1)(A); § 39-13-102(a)(1)(B). The Defendant broke a beer bottle on the face of the victim causing permanent scarring and damage. The victim's left tear duct no longer functions. The victim suffered extreme physical pain and permanent disfigurement.

We find sufficient evidence to support the Defendant's conviction for aggravated assault beyond a reasonable doubt.

**SELF-DEFENSE**

Next, the Defendant challenges the trial court's refusal to charge the jury concerning self-defense. We find no merit to the Defendant's contention. Although it is well-settled that an accused is entitled to an affirmative instruction on every issue fairly raised by the evidence, there is no requirement that the court charge on matters not raised by the proof. See State v. Leaphart, 673 S.W.2d 870, 873 (Tenn.Crim.App. 1983); Lester v. State, 212 Tenn. 338, 346, 370 S.W.2d 405, 409 (1963); Hicks v. State, 533 S.W.2d 330, 331 (Tenn.Crim.App.1975). To support a claim of self-defense under Tennessee law, the accused must show that he reasonably believed that he was in "imminent danger of death or serious bodily injury." Tenn. Code Ann. § 39-11-611(a). He must also establish that he reasonably believed that the use of force was "immediately necessary to protect against the other's use or attempted use of unlawful force." Id.

There is no evidence in the record to establish that the Defendant was acting upon a reasonable belief of imminent danger of death or serious bodily harm. Indeed, the only evidence to suggest the Defendant's state of mind is the victim's testimony that the Defendant was angry with her. Evidence suggesting that the Defendant and the victim had been arguing is not enough to warrant an instruction concerning self-defense.

The Defendant relies on Charles Scott's testimony that the victim told him that she was "kicking [the Defendant's] ass" when the Defendant hit her with a bottle. We first note that the record clearly reflects that Mr. Scott's testimony was admitted for the limited purpose of the impeachment of the victim's testimony by a prior inconsistent statement. Our cases clearly establish that prior inconsistent statements offered to impeach a witness are to be considered only on the issue of credibility, and not as substantive evidence of the truth of the matter asserted in such statements. See State v. Reece, 637 S.W.2d 858, 861 (Tenn. 1982); McFarlin v. State, 214 Tenn. 613, 617, 381 S.W.2d 922, 924 (1964).

However, even if Mr. Scott's testimony were to be treated as substantive testimony, the trial court's refusal to instruct on self-defense was still proper. Mr. Scott's testimony in no way established the Defendant's state of mind at the time of the incident. Mr. Scott's testimony does not

suggest that the Defendant took the action he did because he was in fear of death or serious bodily harm.

Therefore, we find that the evidence presented at trial did not fairly raise the issue of self-defense and the trial court did not err in refusing to instruct the jury accordingly. This issue has no merit.

### CONCLUSION

Accordingly, after a thorough review of the record, we find that the evidence presented at trial was sufficient to support the Defendant's conviction for aggravated assault and that the trial court did not err in refusing to instruct the jury concerning self-defense. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE